## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:06CV-24M

**DONALD MOREAU**                                                                                                  **PLAINTIFF**

**v.**

**WESTERN KENTUCKY ENERGY CORP.**                                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiff to remand to Hancock Circuit Court. [DN 8]. Donald Moreau ("Moreau") filed breach of contract and age discrimination claims in state court against Western Kentucky Energy Corporation ("Defendant"). The Defendant removed the action to this Court. The motion to remand is now ripe and for the reasons stated below, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

The Defendant created the Workforce Transition Separation Program ("the WTSP") to reduce its workforce in 2001 and identified Moreau as one of the employees eligible to participate. The program provided severance benefits to participating employees. Moreau notified Defendant of his acceptance of their offer of the severance benefits. Moreau claims an oral contract was formed between him and Defendant. Two days later, he was fired for cause. Moreau filed suit claiming Defendant terminated him due to his advanced age and to avoid paying him under the WTSP. Defendant removed the case to this Court under 28

U.S.C. § 1441 on the basis that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). In deciding the motion to remand, the Court must decide whether Moreau's claims are completely preempted under 29 U.S.C. § 1132.

## II. ANALYSIS

A defendant may remove an action from state to federal court based upon the provisions in 28 U.S.C. § 1441 when the federal district has "original jurisdiction founded on a claim . . .arising under" federal law.  In determining whether an action is removable under § 1441, courts apply the "well-pleaded complaint rule." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, jurisdiction exists only when an issue of federal law appears on the face of the complaint.  Id.  However, when Congress has shown intent to so completely preempt state law in an issue area, the "complete preemption exception" to the well-pleaded complaint rule applies. Id. The Defendant bears the burden of proving Plaintiff's claims are preempted by ERISA.

Under this exception, a complaint may be removed even though on its face, it alleges only state law claims.  In order for this exception to apply in an ERISA context, a court must conclude the underlying state law claim should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in ERISA's civil enforcement provision, § 1132(a)(1)(B).  Wright v. General Motors Corp., 262 F.3d 610, 614 (6th Cir. 2001), quoting 29 U.S.C. § 1132(a)(1)(B).

Section § 1132 authorizes participants or beneficiaries to bring an action to enforce

their rights under an ERISA plan. Peters v. Lincoln Electric Co., 285 F.3d 456, 468-469 (6th Cir. 2002). However, § 1132 (a) is inapplicable where the Plaintiff is not a participant or beneficiary under the ERISA plan. Ward v. Alternative Health Delivery Systems, Inc., 261 F.3d 624, 627 (6th Cir. 2001). Where a plaintiff is neither a plan participant nor beneficiary, he would lack standing to assert a claim under 29 U.S.C. § 1132. Id. "Under ERISA, 'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . .eligible to receive any such benefit." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989), quoting, 29 U.S.C. § 1002(7). The term "participant" when referring to former employees, means persons who have a colorable claim to vested benefits. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989). Plaintiff's breach of oral contract claim is essentially this colorable claim to benefits mentioned in Firestone. See Peters, 285 F.3d at 469.

     For example, in Peters, the plaintiff brought a breach of promise action in state court against his former employer, who had discontinued plaintiff's participation in its Supplemental Executive Retirement Plan ("SERP"). 285 F.3d at 467. Based upon plaintiff's allegations, the employer removed the action to federal court asserting that ERISA completely preempted plaintiff's breach of promise claim. Plaintiff made a motion to remand and district court denied it. The Sixth Circuit affirmed the denial of plaintiff's motion, finding plaintiff's breach of promise claim was completely preempted. Like the plaintiff in

Peters, Moreau claims his employer breached a contract when did not allow his participation in the WTSP. His claim is meant to recover the benefits due him as a WTSP participant. This breach of contract claim squarely classifies Moreau's action as a superseding action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," pursuant to § 1132(a)(1)(B) of ERISA. Wright, 262 F.3d at 614 (internal citations omitted). Therefore, Moreau's action is completely preempted by ERISA and removal was proper.

In the event that the Court decided that removal of the breach of contract claim was proper, Moreau asked the Court for a finding of non-preemption under §1144 of ERISA on his age discrimination claim. 29 U.S.C. §1144. The matter has not been adequately briefed and the Court declines to decide at this stage if Plaintiff's age discrimination claim is preempted by ERISA under 29 U.S.C. §1144. The Court will decide this issue later if it arises by proper motion.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion filed by Plaintiff to remand [DN 8] is **DENIED.**

cc: Counsel of Record

U:\documents\Moreau\406cv24MoreauRemand